Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel for Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> JOHN DOE, ) <br> ) <br> Defendant. ) <br> ) | No. 3:12-cv-02415-CRB <br><br><br><br> **PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT** |

**PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT**

Plaintiff AF Holdings LLC, by and through its counsel of record, hereby submit this Case Management Conference Statement pursuant to the Northern District of California Civil Local Rule (hereinafter "L.R.") 16-9(a).[1]

**1. Jurisdiction and Service:**

Per L.R. 3-5, and as alleged in Plaintiff's Amended Complaint (ECF No. 8 ¶ 5), this Court has federal subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (commonly referred to as "the Copyright Act"), 28 U.S.C. § 1331 (granting federal courts federal question jurisdiction over civil actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (granting federal courts original jurisdiction over any Congressional acts relating to copyrights). This Court has supplemental jurisdiction over the civil conspiracy claim under 28 U.S.C. § 1367(a) because it is directly related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, such that the two claims form part of the same case and

---

[1] Per L.R. 16-9, a joint statement could not be attained because Plaintiff is the only party in this case at this time. *See* Exhibit A Declaration of Brett L. Gibbs.

controversy under Article III of the United States Constitution. As defendant John Doe has not been served yet, he/she has not made any counterclaims in this matter.

This Court has personal jurisdiction over all of the parties because, upon credible information and belief gathered by Plaintiff, John Doe is in the State of California. Plaintiff used geolocation technology to trace the IP address used by John Doe to a point of origin within the State of California. Thus, there are no actual or potential personal jurisdiction issues in this case.

Plaintiff filed its Amended Complaint on June 14, 2012. (ECF No. 8.) Plaintiff then filed its *Ex Parte* Application for Leave to Take Expedited Discovery to uncover identifying information of the subscriber of IP address 67.160.221.52. (ECF No. 8). On July 10, 2012, the Court issued its Order Granting Motion for Leave to Take Limited Discovery Prior to Rule 26(f) Conference. (ECF No. 13, hereinafter "July 10 Order"). Plaintiff then served a subpoena on the relevant Internet Service Provider, Comcast Cable Holdings, LLC ("Comcast") on July 11, 2012. Having received the subscriber's information back from Comcast, Plaintiff will now file a Motion for Leave to File Second Amended Complaint, which Plaintiff expects to do in about a week; Plaintiff's proposed Second Amended Complaint, in which it will name Mohammed Burny, will be attached to the Motion for Leave to File Second Amended Complaint.

**2. Facts:**

Plaintiff is an organization that holds the copyrights to certain adult entertainment content. John Doe is the alleged anonymous copyright infringer.

Plaintiff believes that certain facts in this case, including the following, are undisputed at this time. John Doe, without authorization, used an online Peer-to-Peer media distribution system (specifically, the BitTorrent protocol) to download Plaintiff's copyrighted works and distribute Plaintiff's copyrighted works to the public, including making Plaintiff's copyrighted works available for distribution to others. (ECF No. 8 ¶¶ 18-24.) John Doe operated under the cover of a network address when he/she joined a common swarm composed of fellow infringers, who downloaded the same exact file and unlawfully distributed Plaintiff's copyrighted works amongst one another. (ECF No. 8 ¶¶ 14, 32-37.) Due to the quasi-anonymous fashion in which John Doe conducted himself

online, Plaintiff was unaware of his/her actual identifying information—including his/her name, address, telephone, and Media Access Control ("MAC") information—at the time of filing its Amended Complaint. (*See* ECF No. 8.)

Through unique proprietary software, Plaintiff's agents identified John Doe by a unique IP address, assigned to him/her by his/her Internet Service Provider ("ISP") on the date and at the time of his/her infringing activity. (ECF No. 8 ¶¶ 21-23.) While these were not the only times of John Doe's infringing activities, this was a snapshot of such activities personally observed by Plaintiff's investigators. (ECF No. 8 ¶ 23.) Plaintiff, by and through its investigators, also made a copy of substantial portions of the copyrighted work that John Doe unlawfully distributed or made available for distribution through the file sharing networks, and confirmed that such files contained the work that was subject to Plaintiff's copyright. (ECF No. 8 ¶¶ 22-24.)

Plaintiff obtained the requested discovery from Comcast and currently preparing to name and serve the defendant to this case. Plaintiff has reached out to the Defendant and, on information and belief, intends to proceed with the case because Plaintiff believes that the internet service subscriber associated with the IP address 67.160.221.52 is indeed the infringer. Once Plaintiff has the Court's leave to files its Second Amended Complaint and name the Defendant, Plaintiff will seek to serve the Defendant.

**3. Legal Issues:**

Plaintiff believes that it states a *prima facie* case for copyright infringement.

**4. Motions:**

On June 15, 2012, Plaintiff filed its Ex Parte Application for Leave to Take Expedited Discovery to uncover the identifying information of subscriber of IP address 67.160.221.52. (ECF No. 10). On July 10, 2012, the Court granted that application. (ECF No. 13).

On August 24, 2012, Plaintiff filed its Motion to Continue the Case Management Conference. (ECF No. 15). On August 29, 2012, that motion was granted. (ECF No. 16.)

///

///

3

PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT   No. 3:12-CV-02415-CRB

**5. Amendment of Pleadings:**

Plaintiff filed its first Amended Complaint on June 14, 2012. (ECF No. 8.) Plaintiff will be filing its second Amended Complaint to name the Defendant to this case.

**6. Evidence Preservation:**

Plaintiff's agents at 6881 Forensics LLC ("6881") engaged in real time monitoring of John Doe's infringing activity using its proprietary software. (ECF No. 10-1 ¶¶ 16, 21.) 6881's proprietary software is effective in capturing granular-level data about the activity of peers in a swarm and their infringing conduct. (ECF No. 10-1 ¶¶ 22-24.) 6881's processes are designed to ensure that information gathered about John Doe is accurate. Once gathered and it is determined that the information is relevant to an upcoming case, this information is stored by 6881 for trial.

**7. Disclosures:**

Plaintiff is in the process of formulating disclosures. Plaintiff will be sharing its disclosures as soon as Defendant is named and served. Considering there is no named Defendant in this case, however, there is no one to share those with at this time.

**8. Discovery:**

Defendant's ISP, Comcast, has produced John Doe's identifying information to the Plaintiff. While further discovery may be necessary as the case progresses, it is not applicable at this time.

**9. Class Actions:**

Not applicable.

**10. Related Cases:**

Not applicable.

**11. Relief:**

Plaintiff prays for the following relief in this case, as fully outlined in its Amended Complaint: (1) That the Court enter a written judgment declaring that John Doe infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501, and that such infringement was willful; (2) That the Court enter a written judgment declaring that John Doe has injured the business reputation and business of Plaintiff by John Doe's acts and conduct set forth in the Amended

Complaint; (3) That the Court issue injunctive relief against John Doe, enjoining and restraining John Doe and all others in active concert with him from further violating Plaintiff's copyrighted works, and further issue an order impounding or requiring John Doe to destroy all copies of those unlawfully copyrighted files in his/her possession, custody, and/or control pursuant to 17 U.S.C. §§ 503 & 509(a); and (4) That the Court enter a written judgment in favor of the Plaintiff against John Doe for actual damages pursuant to 17 U.S.C. § 504(a) or statutory damages pursuant to 17 U.S.C. § 504(b), at the election of Plaintiff, in an amount to be ascertained at trial.

**12. Settlement and ADR:**

Currently, there is no ADR phone conference set in this case. A conference seems inappropriate considering that Plaintiff is only party at this time.

**13. Consent to Magistrate Judge For All Purposes:**

Not applicable.

**14. Other References:**

None that the parties can identify at this time.

**15. Narrowing of Issues:**

Plaintiff would be more than happy to narrow the issues in this case. Plaintiff believes that this could expedite this case, and lead to a fair and economic result.

**16. Expedited Schedule:**

Plaintiff has no objection to this case being handled in an expedited manner.

**17. Scheduling:**

Plaintiff contends that scheduling is premature without Defendant having been brought into the case; Defendant will be brought into the case as soon as the Court grants Plaintiff leave to file its Second Amended Complaint. Plaintiff will have a better idea as to scheduling parameters at that time.

///

///

**18. Trial:**

Again, at this point, without the Defendant being involved in this process, it would be hard for Plaintiff to guess as to how long a trial of this case will take. Should the Court require that guess, Plaintiff is willing to estimate two full days.

**19. Disclosure of Non-Party Interested Entities or Persons:**

Plaintiff has filed its Corporate Party Disclosure Statement and Certification of Interested Entities or Persons. (ECF No. 2.)

Plaintiff believes there are no known persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (other than the parties themselves) that may have a personal or affiliated financial interest in this subject matter in controversy, or any other kind of interest that could be substantially affected by the outcome of the proceedings other than the parties. (*See* ECF No. 2.)

**20. Other Matters:**

Under the circumstances, Plaintiff respectfully requests a continuance of the Case Management Conference currently scheduled on December 7, 2012.

Respectfully Submitted,

PRENDA LAW INC.,

**DATED: November 30, 2012**

By:   /s/  Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 30, 2012, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

/s/ Brett L. Gibbs
Brett L. Gibbs, Esq.